## Case No. 6,011.

HANCOCK v. NEW YORK LIFE INS. CO.

[13 Am. Law Reg. (N. S.) 103; 2 Ins. Law J. 903; 4 Bigelow, Ins. Cas. 488.]

Circuit Court, E. D. Virginia. Fall Term, 1873.

LIFE INSURANCE — FAILURE TO PAY PREMIUMS DURING WAR—REPUDIATION OF CONTRACT BY INSURER—RIGHT OF ACTION.

[1. Failure of one living within the military lines of the Confederate States to pay premiums as they accrued, during the war, upon a policy issued by a company domiciled in a loyal state, did not put an end to the policy, where such premiums were tendered after the close of the war.]

[2. Repudiation by the insurer of any obligation under the policy, while the same is still legally binding upon it, is a breach of the contract, giving the insured an immediate right to sue for such damages as he has suffered, although the time for performance by the company has not yet arrived.]

In the year 1851, Augustus Hancock insured his life with the defendant, in the sum of $5000, payable to his wife at his death, he, Hancock, agreeing to pay the defendant $142 annually at Richmond, Va., by way of premium on the same. He paid his premiums regularly until the war, when the defendant removed its agency from Richmond, and had no agency within the military lines of the Confederate States during the war. As soon after the war as the defendant re-established an agency in Richmond, Hancock went to it and offered to pay up all his premiums that had accumulated during that period, and offered to continue to pay all such as should accrue in the future. But the defendant refused to receive his premiums, and declared the contract at an end, upon the ground that all his rights under it had been forfeited by his failure to pay his annual premiums as they fell due, between the years 1861 and 1865. And they at the same time required him to take notice that they were under no obligations whatever to him in respect of said policy. The plaintiff's declaration set out the case as stated above. The defendant demurred to the declaration upon two grounds: 1st. That the failure to pay the annual premiums as they accumulated, forfeited the plaintiff's rights under the policy, and 2d, that, though this were not so, yet no sufficient breach of the contract was alleged, as the time when the contract was to be performed had not yet arrived.

Johnston, Williams & Boulware, for demurrer.

Wm. L. Royall, for plaintiffs.

On the first point, see Manhattan Life Ins. Co. v. Warwick, 20 Grat. 614; New York Life Ins. Co. v. Clopton, 7 Bush, 179; Hamilton v. Mutual Life Ins. Co. [Case No. 5,986].

Upon the second point: It is settled now, that a contract may be broken before the time for its performance arrives, by one party disclaiming its obligation, thereby giving the other party the right to treat it as though the time for its fulfilment had passed. Chit. Cont. (10th Am. Ed.) 799; Hochster v. De la Tour, 2 El. & Bl. 678; Frost v. Knight, L. R. 7 Exch. 111; Avery v. Bowden, 5 El. & Bl. 714; Danube & Black Sea, etc., Co. v. Xenos, 13 C. B. (N. S.) 825; Dugan v. Anderson, 36 Md. 567; Mountjoy v. Metzger [9 Phila. 10]. It is true it has been many times decided that when a promise is made to pay money on a certain day, no action will lie until the day has passed. As for instance, if A. buy a horse from B., and promise to pay him $100 for the same one year from that day, no action will lie for the $100, until the year has passed, and this is what was held by Taney, C. J., in the case of Greenway v. Gaither [Case No. 5,788], with the leading case of Hochster v. De la Tour [supra] before him. But there is a radical distinction between such a case and the case at bar. Where a promise is made to pay money at a future day, as in the illustration in regard to the purchase of a horse, time is of the essence of the contract. But time is not what is stipulated for by the insurer in a policy of insurance. What he stipulates for is money. He promises to pay the insured $5000, provided the insured will pay him $142 every year that he, the insured, shall live. And if

the insurer get that number of annual payments, it is of no consequence to him at what time he pays the $5000, and he will have got all that he stipulated for. The plaintiff ought then to recover in this case $5000, less as many annual premiums as have accrued since the beginning of the war up to this time, and less as many more as will accrue during such time as a jury may think the plaintiff will live. Each party will then receive what he originally contracted to get, and no injustice will be done to any one.

The demurrer was overruled, and at the trial BOND, Circuit Judge, instructed the jury as follows:

If the jury find that the defendant, the New York Life Ins. Co., did insure the life of Augustus Hancock, for the term of his natural life, and for the benefit of Sarah A. Hancock, as set out in the policy of insurance offered by the plaintiff in evidence; and if the jury find that the said Sarah A. Hancock complied with the terms of said policy on her part to be performed by the payment of the annual premium of $142 to the agent of said company, until the said agency was withdrawn by the company because of the outbreak of hostilities; and if the jury find that within a reasonable time after the close of hostilities and the re-establishment of the company's agency at Richmond, the plaintiffs offered to pay the premiums fallen due during the war, but that the company refused to receive such premiums unless the said Hancock would submit to a medical examination for a new policy, and wholly refused to be bound by said contract of life insurance, then the plaintiff is entitled to recover such damages as they may find, from the evidence in the cause, the plaintiffs have suffered by reason of the defendant's breach of contract.

The jury found a verdict for plaintiff for $1371.